IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JESSICA L. HUMPHREYS BAXTER, CASSANDRA A. HUMPHREYS GUERRERO, AND STEPHANIE V. HUMPHREYS, INDIVIDUALLY, AS NAMED INDEPENDENT CO-EXECUTORS, AND AS NAMED CO-TRUSTEES, § § § § § § § § Plaintiffs, § § VS. § § EMILY RIGGINS HASTINGS, § § Defendant. § | § § § § § § § § § § § § § § § § | Civil Action No. 3:22-CV-1095-D |

MEMORANDUM OPINION
AND ORDER

In this removed action, plaintiffs Jessica L. Humphreys Baxter, Cassandra A. Humphreys Guerrero, and Stephanie V. Humphreys move to remand to the county probate court based on two alleged procedural defects. For the reasons set out below, the court denies the motion to remand and the parties' respective requests for attorney's fees and sanctions.

I

Plaintiffs are children of decedent Mark Edmond Humphreys ("Mark").[1] Defendant

---

[1] Plaintiffs contend that the court cannot consider the exhibits that Hastings has attached to her response to the motion to remand, and must strike most of them, because the exhibits do not comply with N.D. Tex. Civ. R. 7.1(i) and 7.2(e). The court need not address this contention because it is relying on plaintiffs' exhibits, not Hastings' exhibits, and, regardless, any differences are immaterial because the material facts are not in dispute.

Emily Hastings ("Hastings") is Mark's second wife and surviving widow. Plaintiffs filed their original petition in the county probate court on April 1, 2022. In their petition, they request that certain funds held by Hastings—a "Payable-on-Death" payment from Mark's bank account, Mark's life insurance funds, and Mark's 401k funds— be returned to Mark and his estate.

On April 4, after plaintiffs filed their original petition, plaintiffs' counsel sent a copy to Hastings' counsel via email. On April 12 Hastings' counsel contacted plaintiffs' counsel by phone, stating that he was authorized to accept informal service of process and would sign a Tex. R. Civ. P. 11 agreement accepting such service. On April 27 Hastings' counsel signed the agreement, consenting to an effective service date of April 19. On April 28 the agreement was filed with the probate court. Hastings filed an answer in the probate court on May 16, and removed this case based on diversity of citizenship one day later, on May 17. Plaintiffs then filed the instant motion to remand, which Hastings opposes. The court is deciding the motion on the briefs, without oral argument.

II

Plaintiffs move to remand this case on two grounds, both of which present procedural challenges. They contend, first, that Hastings' notice of removal, filed on May 17, is untimely under 28 U.S.C. § 1446(b). According to plaintiffs, the 30-day clock that governs removal to federal court commenced on April 4, when plaintiffs' counsel sent Hastings' counsel a copy of the probate court original petition. In their reply, plaintiffs change course

and offer another date as the date that triggered the 30-day clock: "April 11 or 12,"[2] when Hastings' counsel orally agreed to accept informal service (i.e., waive formal service).

Plaintiffs have failed to demonstrate that the removal was untimely. Under 28 U.S.C. § 1446(b)(1), "[t]he notice of a removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, *through service or otherwise*, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" 28 U.S.C. § 1446(b)(1) (emphasis added). "The Supreme Court clarified this language in [*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999)], holding that the time for removal commences on formal service of process, '*not* by mere receipt of the complaint unattended by any formal service.'" *Bd. of Regents of Univ. of Tex. Sys. v. Nippon Tel. & Tel. Corp.*, 478 F.3d 274, 278 (5th Cir. 2007) (emphasis in original) (quoting *Murphy Bros.*, 526 U.S. at 48). Section 1446(b)'s 30-day limit on removal is a procedural limitation. Nevertheless, it is mandatory and is to be strictly construed. *See Cervantez v. Bexar Cnty. Civil Serv. Comm'n*, 99 F.3d 730, 732 (5th Cir. 1996); 14C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3731, at 572 (4th ed. 2009). Although the 30-day limitation is a federal rule, in removed cases "the question whether the plaintiff has properly served the defendant is determined by reference to the applicable state law." *Thevenet, v. Deutsche Bank Nat'l Tr. Co.*, 2017 WL 4475880, at *2

---

[2]According to plaintiffs, the telephone call between counsel occurred on April 12. Hastings offers evidence suggesting that the date was April 11. But even if April 11 is the correct date, plaintiffs' arguments fail for the reasons discussed.

(N.D. Tex. Oct. 6, 2017) (Fitzwater, J.) (citing *Murphy Bros.*, 526 U.S. at 348); *see also City of Clarksdale v. BellSouth Telecomms., Inc.*, 428 F.3d 206, 210 (5th Cir. 2005) ("Although federal law requires the defendant to file a removal motion within thirty days of service, the term 'service of process' is defined by state law.").

Under Texas law, a defendant may accept or waive service.³ The Texas Rules of Civil Procedure provide that "[t]he defendant may accept service of process, or waive the issuance or service thereof by a written memorandum signed by him, [and] . . . such waiver or acceptance shall have the same force and effect as if the citation had been issued and served as provided by law." Tex. R. Civ. P. 119; *see, e.g.*, *Approximately $58,641.00 v. State*, 331 S.W.3d 579, 583 (Tex. App. 2011, no pet.). Waiver or acceptance of service is only effective when the memorandum is, *inter alia*, "filed among the papers of the cause" and "[t]he party signing such memorandum [is] delivered a copy of plaintiff's petition, and the receipt of the same shall be acknowledged in such memorandum." Tex. R. Civ. P. 119; *Travieso v. Travieso*, 649 S.W.2d 818, 820 (Tex. App. 1983, no writ) (describing requirements in Rule 119 as mandatory); *see Avila v. JPMorgan Chase Bank, N.A.*, 2015 WL 6438243, at *2 (N.D. Tex. Oct. 21, 2015) (Lindsay, J.) ("Speidel's confirmation of receipt of Plaintiffs' notice of suit is insufficient to establish waiver under Texas Rules of Civil Procedure 119 because the confirmation was not in the form of a written memorandum 'sworn to before a proper officer

---

³The parties do not discuss state law. But their dispute appears to turn only on when Hastings' acceptance or waiver of service was effective under Texas law. Accordingly, the court considers only this question.

- 4 -

other than an attorney in the case, and filed among the papers of the cause.'"); *see also Zelaya v. Cottonwood Residential O.P., L.P.*, 2016 WL 830074, at *3 (W.D. Tex. Mar. 3, 2016) (describing an effective waiver of service under Texas law as a memorandum "(1) in a writing signed by the defendant, authorized agent, or attorney; (2) that is verified by someone other than an attorney in the case; (3) dated after the suit is brought and; (4) filed among the papers of the case."); *Cerda v. 2004-EQRI, LLC*, 2007 WL 2892000, at *3 (W.D. Tex. Oct. 1, 2007) (holding waiver to be ineffective where "no properly signed waiver was filed with the state court").

Accordingly, the court declines to accept plaintiffs' argument that Hastings' counsel's initial receipt on April 4 of the original petition started the 30-day clock, *Murphy Bros., Inc.*, 526 U.S. at 348; *City of Clarksdale*, 428 F.3d at 210, or that Hastings' counsel's April 11 or 12 oral agreement to accept service satisfies the requirements to accept or waive service under Texas law, *see* Tex. R. Civ. P. 119; *Avila*, 2015 WL 6438243, at *2; *Zelaya*, 2016 WL 830074, at *3; *Cerda*, 2007 WL 2892000, at *3.

The court need not decide whether the 30-day clock began on April 19 (the listed, agreed-upon effective date in the Rule 11 agreement), April 27 (when the agreement was signed), April 28 (when the agreement was filed with the probate court), or May 16 (when Hastings' answer was filed in the probate court). Even if the 30-day clock began at the earliest of these dates—April 19—removal was timely on May 17.

Hastings' notice of removal was timely.

III

Plaintiffs contend, second, that Hastings waived her right to remove because of affirmative conduct in which she engaged in the probate court proceedings prior to removal. In particular, plaintiffs point to Hastings' filing of an answer and request for attorney's fees.

A defendant may waive her right to remove if she "proceed[s] to defend the action in state court or otherwise invoke the process of that court." *See Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir. 1986). But the right of removal is only lost when the defendant seeks an adjudication on the merits. *Beighley v. FDIC*, 868 F.2d 776, 782 (5th Cir. 1989), *superseded by statute on other grounds as recognized by Wuxi Taihu Tractor Co. v. York Grp., Inc.*, 460 Fed. Appx. 357 (5th Cir. 2012) (per curiam). There must be a "specific, positive intent to proceed in state court." *Badaiki v. Schlumberger Holdings Corp.*, 512 F.Supp.3d 741, 745 (S.D. Tex. 2021) (quotation omitted). The defendant's conduct must seek a binding decision, not just seek to maintain the "status quo." *See id.*; *John H. Carney & Assocs. v. State Farm Lloyds*, 376 F.Supp.2d 697, 703 (N.D. Tex. 2005) (Lindsay, J.).

Consistent with this framework, courts in this circuit have consistently held that the filing of an answer does not waive the right to remove because it merely preserves the status quo. *E.g.*, *Mastronardi v. Wells Fargo Bank, N.A.*, 2015 WL 5472924, at \*3 (N.D. Tex. Sept. 17, 2015) (McBryde, J.); *John H. Carney & Assocs.*, 376 F.Supp.2d at 703 ("Here, State Farm filed, as one document, an answer, some special exceptions, some verified and specific denials, and some affirmative defenses. The court views these matters as those necessary to 'preserve the status quo.'" (quotation omitted)); *see also B & S Equip. Co. v.*

- 6 -

*Cent. States Underwater Contracting, Inc.*, 2020 WL 1466765, at *3 (E.D. La. Mar. 26, 2020) ("Under well-established precedent, however, CSU did not waive its right to removal by filing an answer in state court."); *Pennington v. Carmax Auto Superstores Inc.*, 2010 WL 1050266, at *2 (S.D. Tex. Mar. 17, 2010) (holding that filing answer seeking special exceptions and asserting affirmative defenses does not waive right to removal); *Regan v. Hayes*, 2006 WL 8433849, at *2-3 (W.D. Tex. Sept. 14, 2006), *rec. adopted*, 2006 WL 8433875 (W.D. Tex. Dec. 6, 2006); *Jacko v. Thorn Ams., Inc.*, 121 F.Supp.2d 574, 576 (E.D. Tex. 2000); *Hingst v. Providian Nat'l Bank*, 124 F.Supp.2d 449, 452 (S.D. Tex. 2000) ("Thus, simply filing an answer, making preliminary motions, and the like does not waive the right of removal."); *Carpenter v. Ill. Cent. Gulf R. Co.*, 524 F. Supp. 249, 251 (M.D. La. 1981).

Courts in this circuit have also held that seeking fees, such as attorney's fees, in an answer does not waive the right to removal. *E.g.*, *Mastronardi*, 2015 WL 5472924, at *3 ("Requesting costs and attorneys fees in an answer in state court did not waive the right of a defendant to remove a case to federal court."); *John H. Carney & Assocs.*, 376 F.Supp.2d at 703 ("With respect to the request for 'fees and costs,' the court notes that such language or similar language is used in virtually every responsive pleading filed by attorneys."); *Gardea v. J. Diamond Grp., Inc.*, 2009 WL 10669330, at *3 (W.D. Tex. July 14, 2009) ("Defendant filed an Original Answer in state court including a request for costs and attorneys' fees . . . . Such limited action does not manifest an intent to litigate the merits of the claim in state court."); *Yandell v. The Standard Ins. Co.*, 2006 WL 2882807, at *2 (S.D.

Tex. Oct. 5, 2006) ("The Prayer for Relief [seeking attorney's fees] is not an adjudication on the merits, and, even if it were, it would be a compulsory counterclaim, which does not constitute a waiver."); *see also Priester v. Long Beach Mortg. Co.*, 2016 WL 9504324, at *5 (E.D. Tex. Dec. 16, 2016) (motion for sanctions), *rec. adopted*, 2017 WL 510350 (E.D. Tex. Feb. 8, 2017); *Scanlan v. Radiance Techs.*, 2008 WL 4224932, at *4 (N.D. Miss. Sept. 11, 2008).

Accordingly, plaintiffs' second argument is insufficient to warrant remanding this case.

IV

Although plaintiffs rely only on alleged procedural defects and appear to concede diversity jurisdiction, the court has an independent duty to assure itself of its own subject matter jurisdiction. *In re Bass*, 171 F.3d 1016, 1021 (5th Cir. 1999).

A

Despite what the parties agree is an error in the original petition as to the allegation of Hastings' citizenship, there is complete diversity. And the amount in controversy exceeds the minimum jurisdictional threshold. *See* ECF No. 1-3 at 3. The court therefore has subject matter jurisdiction based on diversity of citizenship.

B

Furthermore, the probate exception is inapplicable. The probate exception prevents the court from exercising diversity jurisdiction "if the dispute concerns property within the custody of a state court." *Curtis v. Brunsting*, 704 F.3d 406, 409 (5th Cir. 2013). The Fifth

Circuit applies a two-step inquiry to determine whether the exception applies. *See Kinder Morgan, Inc. v. Crout*, 814 Fed. Appx. 811, 815 (5th Cir. 2020) (per curiam) ("[W]e require 'a two-step inquiry into (1) whether the property in dispute is estate property within the custody of the probate court and (2) whether the plaintiff's claims would require the federal court to assume *in rem* jurisdiction over that property.'" (quotation omitted)), *reh'g denied*, (June 17, 2020).

Here, plaintiffs' original petition specifically alleges that the property at issue is in the possession of Hastings, not the state court. *See* ECF No. 1-3 at 14 (seeking an order "compelling Defendant to surrender such money and/or property to Plaintiffs [and] the Estate . . . ."). Under Texas law, funds from contributory retirement plans (like a 401k) and funds from life insurance policies are non-probate assets. *Kinder Morgan, Inc.*, 814 Fed. Appx. at 816; *Reasoner v. Kelley*, 2019 WL 1236375, at *2 (W.D. Tex. Mar. 18, 2019). Additionally, P.O.D. funds are non-probate assets. *Punts v. Wilson*, 137 S.W.3d 889, 892 (Tex. App., no pet.) ("As the P.O.D. beneficiary, any sums remaining on deposit at Kelly's death belonged to Wilson and were not part of Kelly's estate."); *Mims-Brown v. Brown*, 428 S.W.3d 366, 376 n.4 (Tex. App., no pet.) ("A multi-party account such as a POD account or joint tenancy with right of survivorship account is a non-probate asset that passes independently of an estate according to the terms of the account."); *see also Abry v. Vanguard Group Inc.*, 2021 WL 6197304, at *2 (S.D. Tex. Dec. 31, 2021) ("Texas law considers the payment of account funds to a POD beneficiary to be a nontestamentary transfer.").

Accordingly, the property disputed in this case is not within the custody of the

probate court, and the probate exception does not apply. *E.g.*, *Simpkins v. Wright*, 2019 WL 4745901, at *1 (D. Utah Sept. 30, 2019) ("[A] dispute over Wright's interest in assets that are not a part of the probate estate is not within the scope of the probate exception, even though the district court's decision relating to ownership of the assets may be binding on a state probate court.").

V

The court denies both sides' requests for attorney's fees and/or sanctions.

The court denies plaintiffs' request because they have not prevailed on the instant motion.

The court also denies Hastings' request, which refers to Rule 11 and 28 U.S.C. § 1927, D. Resp. at 9, 14, and to this court's inherent powers, *id.* at 14, 15.

First, Rule 11 sanctions are not available (assuming the court would award them) where, as here, there has been no compliance with the safe harbor provision of Rule 11(c)(2).

Second, punishment of counsel under § 1927 is to be sparingly applied. *See FDIC v. Calhoun*, 34 F.3d 1291, 1297 (5th Cir. 1994). The court must find that the sanctioned attorney multiplied the proceedings both "unreasonably" and "vexatiously." *Procter & Gamble Co. v. Amway Corp.*, 280 F.3d 519, 525 (5th Cir. 2002). This requires "evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court." *Edwards v. Gen. Motors Corp.*, 153 F.3d 242, 246 (5th Cir. 1998).

Third, "[t]he imposition of sanctions using the court's inherent power should be reserved for situations in which the court finds 'that fraud has been practiced upon it, or that

- 10 -

the very temple of justice has been defiled.'" *Estate of Merkel v. United States*, 2009 WL 2002902, at *4 (N.D. Tex. July 9, 2009) (Fitzwater, C.J.) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991)).

\* \* \*

In sum, the court holds that Hastings' notice of removal was timely and she did not waive her right to remove this case. The court has subject matter jurisdiction based on diversity of citizenship, and the probate exception does not apply. Accordingly, the court denies plaintiffs' motion to remand.

**SO ORDERED**.

June 27, 2022.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE