IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JESSICA L. HUMPHREYS BAXTER, | § | |
| CASSANDRA A. HUMPHREYS | § | |
| GUERRERO, AND STEPHANIE V. | § | |
| HUMPHREYS, INDIVIDUALLY, | § | |
| AS NAMED INDEPENDENT | § | |
| CO-EXECUTORS, AND AS NAMED | § | |
| CO-TRUSTEES, | § | |
| | § | Civil Action No. 3:22-CV-1095-D |
| Plaintiffs, | § | |
| | § | |
| VS. | § | |
| | § | |
| EMILY RIGGINS HASTINGS, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

In this removed action, defendant Emily Riggins Hastings ("Hastings") moves for leave to file a counterclaim against plaintiff Cassandra A. Humphreys Guerrero ("Guerrero"). Guerrero and plaintiffs Jessica L. Humphreys Baxter and Stephanie V. Humphreys (collectively, "plaintiffs") oppose Hastings' motion. For the reasons explained, the court grants the motion and directs the clerk of court to file the proposed counterclaim attached to Hastings' motion for leave (ECF No. 20-1).

I

Hastings seeks leave to file a counterclaim against Guerrero for tortious interference with an existing contract. According to the proposed counterclaim, before the death of Hastings' late spouse, Mark A. Humphreys ("Mark"), Mark designated Hastings as Pay-on-

Death Beneficiary on several of his accounts and insurance policies, including an account at Texas Capital Bank ("TCB") ending in 4962. The TCB Account Agreement that designated Hastings as POD Beneficiary was a valid contract that required TCB to turn over the funds in the TCB Account to Hastings on Mark's death. Although Guerrero was aware of the TCB Account Agreement and beneficiary designation, she willfully and intentionally interfered with the contract through a January 28, 2022 letter, causing TCB to freeze the TCB Account, accelerate and demand immediate repayment of several million dollars in outstanding loans, and ultimately use funds from the TCB Account to extinguish debts owed by Mark's Estate.

Plaintiffs oppose Hastings' motion. They maintain that Hastings' proposed counterclaim is not compulsory and fails to meet the requirements of Fed. R. Civ. P. 15(a) governing motions for leave to amend.

## II

The court first turns to plaintiffs' contention that the counterclaim is not compulsory.

### A

Under Rule 13(a)(1),

> [a] pleading must state as a counterclaim any claim that—at the time of its service—the pleader has against an opposing party if the claim . . . arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and . . . does not require adding another party over whom the court cannot acquire jurisdiction.

The test for whether a claim is compulsory is

> (1) whether the issues of fact and law raised by the claim and counterclaim largely are the same; (2) whether res judicata

- 2 -

would bar a subsequent suit on defendant's claim absent the compulsory counterclaim rule; (3) whether substantially the same evidence will support or refute plaintiff's claim as well as the defendant's counterclaim; and (4) whether there is any logical relationship between the claim and the counterclaim. An affirmative answer to any of the four questions indicates the claim is compulsory.

*Park Club, Inc. v. Resol. Tr. Corp*., 967 F.2d 1053, 1058 (5th Cir. 1992) (internal quotation marks omitted) (citing *Plant v. Blazer Fin. Servs., Inc. of Ga.*, 598 F.2d 1357, 1360-61 (5th Cir. 1979)). "The test which has commended itself to most courts, including [the Fifth Circuit], is the logical relation test. The logical relation test is a loose standard which permits a broad realistic interpretation in the interest of avoiding a multiplicity of suits." *Plant*, 598 F.2d at 1361 (citations and internal quotation marks omitted).

[A] counterclaim is logically related to the opposing party's claim where separate trials on each of their respective claims would involve a substantial duplication of effort and time by the parties and the courts. Where multiple claims involve many of the same factual issues, or the same factual and legal issues, or where they are offshoots of the same basic controversy between the parties, fairness and considerations of convenience and of economy require that the counterclaimant be permitted to maintain his cause of action.

*Sw. Realty, Ltd. v. Daseke*, 1992 WL 373166, at *4 (N.D. Tex. May 21, 1992) (Fitzwater, J.) (quoting *Revere Copper & Brass, Inc. v. Aetna Cas. & Sur. Co.*, 426 F.2d 709, 714 (5th Cir. 1970)). The Fifth Circuit has defined a "'logical relationship' to exist when the counterclaim arises from the same 'aggregate of operative facts' in that the same operative facts serves as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights, otherwise dormant, in the defendant." *Plant*, 598 F.2d at 1361

- 3 -

(quoting *Revere Copper & Brass*, 426 F.2d at 715).

B

Plaintiffs contend that Hastings' proposed counterclaim is not compulsory because it does not arise from the same core of facts as do plaintiffs' claims.  Plaintiffs distinguish the key evidence that they purport to rely on in their claims from the evidence that Hastings cites to support her counterclaim.  And plaintiffs emphasize that their claims arise out of the premarital agreement between the parties, while Hastings relies on bank documents.

Hastings replies that—although it does not matter whether her counterclaim is compulsory, because she has filed her counterclaim in the early stages of this case—her counterclaim is compulsory.  She contends that her counterclaim and plaintiffs' claims all turn on the ownership of the TCB Account.  And she maintains that plaintiffs' claims and her counterclaim will depend on the same or similar evidence: bank account records and bank employee testimony.

C

The court concludes that Hastings' counterclaim is compulsory.  Hastings' counterclaim relates to the TCB Account contract.  In their original petition filed in the Dallas County probate court, plaintiffs allege that Hastings' status as the beneficiary of the TCB Account is void and should be part of Mark's estate.  Plaintiffs also include in their breach of contract claim the allegation that

- 4 -

> [p]laintiffs specifically sue for specific performance of Defendant's Promise not to receive or accept any Benefits from the 4962 Account, the Policies, and the 40l (K) Plan or any interests therein and for an Order of this Court commanding that: Defendant shall immediately take all steps necessary to clear equitable and legal title to the 4962 Account . . . .

Compl. (ECF No. 1-3) at 10. Plaintiffs' other claims also implicate the TCB Account because they allege that, through Hastings' actions, she has damaged their interest in the TCB Account. Through their pleadings, plaintiffs have put the TCB Account at the center of this litigation. Merely because the parties rely on different mechanisms to prove their ownership of the TCB Account does not alter the fact that the underlying dispute is over control of the TCB Account. Therefore, Hastings' counterclaim relating to the TCB Account is logically related to plaintiffs' claims and is therefore compulsory.

### III

The court next turns to plaintiffs' contention that Hastings' motion for leave fails to meet the Rule 15(a) standard because it will be overly burdensome, prejudicial, futile, and offered for a dilatory motive.[*]

---

[*]Plaintiffs also contend that Rule 15(d) precludes Hastings' counterclaim. In the circumstances of this case, the court disagrees. Rule 15(d) provides "the court may . . . permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading . . . ." Plaintiffs filed their original petition in the Dallas County probate court on April 1, 2022. Hastings' counterclaim relates to a letter sent January 28, 2022 and subsequent actions taken by TCB within two business days of receiving the letter. The events alleged in Hastings' counterclaim all occurred before the date of the original petition.

A

Rule 15(a) governs timely-filed motions for leave to amend a pleading. Rule 15(a)(2) provides that "[t]he court should freely give leave [to amend a pleading] when justice so requires." "It is settled that the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." *Garcia v. Zale Corp.*, 2006 WL 298156, at *1 (N.D. Tex. Feb. 1, 2006) (Fitzwater, J.) (quoting *Zenith Radio Corp. v. Hazeltine Rsch., Inc.*, 401 U.S. 321, 330 (1971)). Granting leave to amend, however, "is by no means automatic." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (quoting *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. 1981)). In deciding whether to grant leave to amend, the court may consider factors such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment. *Id.* (citing cases).

B

Plaintiffs contend that the addition of Hastings' counterclaim will be prejudicial and will impose additional costs and burdens on plaintiffs. They posit that Hastings' counterclaim is futile because it will not survive a motion to dismiss under Rule 12(b) or Rule 12(c) and has been offered for a dilatory motive because the parties are preparing to enter mediation. Plaintiffs also assert that Hastings' counterclaim will require the court to investigate the solvency of Mark's estate.

Hastings replies that her counterclaim is not prejudicial because this case is still in its

infancy and plaintiffs will have sufficient time to conduct necessary discovery. She maintains that any additional discovery will not be burdensome because the counterclaim arises out of similar facts as plaintiffs' claims. Hastings also contends that her counterclaim will survive plaintiffs' motion to dismiss and that plaintiffs have failed to offer evidence of dilatory motive or undue delay in filing the counterclaim.

C

1

The court first considers whether Hastings' counterclaim is futile or offered for a dilatory motive.

Hastings filed her motion well before the March 1, 2023 deadline for filing motions for leave to amend the pleadings. When, as here, "a party files a motion for leave to amend by the court-ordered deadline, there is a 'presumption of timeliness.'" *Pyramid Transp., Inc. v. Greatwide Dall. Mavis, LLC*, 2012 WL 5875603, at *2 (N.D. Tex. Nov. 21, 2012) (Fitzwater, C.J.) (quoting *Poly-Am., Inc. v. Serrot Int'l Inc.*, 2002 WL 206454, at *1 (N.D. Tex. Feb. 7, 2002) (Fitzwater, J.)). The court also applies the lenient standard of Rule 15(a)(2) to determine whether leave to amend should be granted. Under that standard, "[t]he court should freely give leave when justice so requires." Rule 15(a)(2). Applying those standards here, the court determines that Hastings' motion is not offered for a dilatory motive because it was brought well before the deadline to file motions for leave to amend.

As for plaintiffs' contention that Hastings' proposed counterclaim lacks merit, this court has often explained that

- 7 -

> the court's almost unvarying practice . . . is to address the merits of [a] claim or defense in the context of a Rule 12(b)(6) or Rule 56 motion.  The court only infrequently considers the merits of new causes of action in the context of Rule 15(a).  The court prefers instead to do so in the context of a Rule 12(b)(6) or Rule 56 motion, where the procedural safeguards are surer.

*Steffen v. Jarmon Servs., Inc*, 2017 WL 7052198, at *1 (N.D. Tex. Jan. 3, 2017) (Fitzwater, J.) (quoting *Hoffman v. L & M Arts*, 2012 WL 4321739, at *5 (N.D. Tex. Sept. 21, 2012) (Fitzwater, C.J.)) (internal citation and quotations omitted).  The court therefore declines to hold in the context of Hastings' motion for leave that the proposed counterclaim would be futile.

Therefore, the court declines to hold that Hastings' motion for leave should be denied on the basis that her proposed counterclaim is futile or offered for a dilatory motive.

2

The court next turns to plaintiffs' contention that Hastings' motion will create an undue burden, thereby prejudicing plaintiffs.

"[A] change may be deemed prejudicial 'if the amendment substantially changes the theory on which the case has been proceeding and is proposed late enough so that the opponent would be required to engage in significant new preparation.'" *Home Depot U.S.A., Inc. v. Nat'l Fire Ins. Co. of Hartford*, 2007 WL 2592353, at *2 (N.D. Tex. Sept. 10, 2007) (Fitzwater, J.) (quoting 6 Charles Alan Wright et al., *Federal Practice and Procedure* § 1487, at 623 (2d ed.1990)).  "Leave may also be denied if the court determines that the proposed amendment would result in [plaintiff] being put to added expense and the burden

of a more complicated and lengthy trial." *Id.* (internal quotations omitted). "As a general rule, the risk of substantial prejudice increases with the passage of time." *Id.* (internal quotations omitted).

Plaintiffs contend that the addition of Hastings' proposed counterclaim will impose added expense and effort on plaintiffs because the counterclaim arises out of new facts. But the discovery deadline for this case is not until July 3, 2023. This case was filed with the Dallas County probate court on April 1, 2022, and was removed to this court May 17, 2022. Thus the case has been pending in this court for fewer than six months. Further, the counterclaim relates to factual material—the TCB Account—already at issue in this case by the plaintiffs' own pleading. Therefore, the addition of this counterclaim is neither unduly burdensome nor prejudicial to plaintiffs because they will have almost nine months to conduct necessary discovery and prepare to defend against Hastings' counterclaim.

The court has considered the Rule 15(a) factors and concludes that Hastings' motion meets the lenient requirements of Rule 15(a).

\*   \*   \*

For the reasons stated, the court grants Hastings' September 1, 2022 motion for leave to file a counterclaim. The clerk of court is directed to file the proposed counterclaim attached to Hastings' motion for leave (ECF No. 20-1).

**SO ORDERED**.

November 3, 2022.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE